Lessee of JOSEPH SMITH *vs.* NEHEMIAH REDDEN and SYLVESTER WOOTTEN.

Manner of authenticating official records from other States.
A record certified under the seal of a court, is evidence that it is a court of record.

EJECTMENT for one hundred and fifty-six acres of land in Sussex county.

Plaintiff claimed under the following clause of the will of one Stephen Horsey, probated August 21, 1802 :—"Item.—I give and bequeath to my son, William Horsey, all the land to the north of the land given to my son Revil Horsey ; but in case my son, William Horsey, should obtain the lands or money expected to be left to him by Revil Horsey, of Somerset county, in the State of Maryland, then my will and desire is, that he should have the aforesaid land during his natural life, and at his death, to descend to the male heirs of John, Stephen and Outerbridge Horsey, my sons ; but in case my son, William Horsey, should not get the land nor money expected to be left as aforesaid by Revil Horsey, then my will and desire is, that the land aforesaid left to my son William, should descend to his son, Josiah Mitchell Horsey, to him and his heirs forever."

The record of this will was offered and objected to, because the probate showed that the will was executed only in the presence of one witness. The probate was as follows : " Memorandum this 21st day of August, 1802, before me, Phillip Kollock, register, appointed for the probate of wills and granting letters of administration, for the county aforesaid, appeared Isaac Cooper, one of the subscribing witnesses," &c.," and being sworn, &c., deposes, &c., " that in his sight, presence and hearing, the testator, Stephen Horsey, did sign, seal, publish, pronounce and declare the same to be his last will," &c., that he was of sound mind, &c., " and that he, together with James Windsor and Martin Craigh, signed the same as witnesses, in presence of each other and in the presence of the testator, and at his request."

*By the Court.*——The record of a will differs from a mere ministerial record, as it is the judgment of a court of competent jurisdiction, admitting it to probate. Such decision cannot be questioned collaterally. (*Martin's lessee* vs. *Roach,* 1 *Harr. Rep.,* 277 ; *Penel's lessee* vs. *Weyant et al,* 2 *Ibid,* 503.) This is unquestionably so, since the act of 1829, concerning wills, and the constitution of 1832; and we think the same jurisdiction and power are given to the register by the constitution of 1792; an appeal lying also under that constitution from his decision, admitting a will to probate.

But the terms of the probate here are the same as required by the act of 1753, (1 *Del. Laws,* 342 ;) and if invalid, probably all the wills admitted to probate in this county on the proof of one witness are invalid ; as this seems to be a general form.

Record admitted in evidence ; exception prayed and granted.

The record of a survey made by authority of the State of Maryland, was offered and objected to——1. Because it was not a record of our own courts. 2. For want of authentication under the act of Congress.

It was certified by the register of the land office, whose official qualification was certified by John Johnson, styling himself Chancellor of Maryland, *and a judge of the land office* of Maryland ; and a certificate by the Secretary of State, under the great seal of Maryland, that John Johnson was Chancellor.

*The Court* admitted it as properly authenticated, under the act of Congress, and also under our act of assembly. (9 *vol.,* 488 ; 1 *Greenl. Ev.,* 562, § 485, *n.* 24.)

A deed was offered in evidence, which had been acknowledged

before and certified by W. A. B., one of the judges of the Court of Common Pleas of the State of Ohio, in and for the county of Piscataway; and the official character of the judge was certified under the hand of the clerk, and *seal of the said court* of Common Pleas. The deed was objected to, because it did not appear *by the certificate* of the judge that the Court of Common Pleas *was a court of record*, and the court divided on the question of its admissibility. All the judges agreed that it must appear that the acknowledgment was taken before the judge of a court of record; but two of them thought this sufficiently appeared by the seal of that court appended; and that it was not absolutely necessary that the certificate should state this.

Judge BOOTH dissented.

Paper admitted in evidence; exception prayed and granted.

The will of Revil Horsey was offered in evidence and objected to for defective authentication. The will was proved and admitted to record in the office of the register of wills for Somerset county, in the State of Maryland. A copy of it was certified by S. W. Jones, register of wills for Somerset county, together with the certificate of George Handy, presiding judge of the Orphans' Court, that Mr. Jones' certificate was in due form and by the proper officer; to which was appended the certificate of the said J. W. Jones, *register of wills,* that it appears from the records of said court that George Handy was the presiding judge of the Orphans' Court of said county, to which was appended the seal of the Orphans' Court. The objections to this form of authentication were—1. That the judge's official character was not certified to by the *clerk of the Orphans' Court.* 2. That the certificate was not positive, but only—" It appears by the record." The object of this is to identify the person who signs; the record cannot prove this. The act of Congress requires to authenticate a record of the Orphans' Court—1. A certificate by the register of wills, under his seal of office. 2. Certificate of the presiding judge of the court of the county, that it is in due form and by the proper officer. 3. Verified by the clerk of said court, that the presiding judge is duly commissioned and qualified. Our act of 1821, (*Digest,* 557,) requires—1. A certificate by the register of wills, under his seal. 2. A certificate by the presiding judge of a court of record, that such certificate is in due form and by the proper officer. 3. An attestation *by the officer keeping* the seal of

his court under said seal, that the certificate is under the hand of the presiding-judge, and entitled to full faith and credit.

*The Court* ruled out the evidence ; Judge Milligan dissenting.

A witness was asked if William Horsey obtained the land or money expected to be left to him by Revil Horsey, of Maryland ? The question was objected to, and ruled out, as attempting to prove by parol the contents of Revil Horsey's will.

The plaintiff was then nonsuited.

*Cullen*, for plaintiff.

*Saulsbury*, *Houston* and *Bayard*, for defendants.